UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED PS-O-

2007 AUG 15 PM 3: 13

U.S. DISTRICT COURT
W.D.N.Y - BUFFALO

═══════════════════════════════

ROBERT J. A. KUNZ, 03B1730,

Plaintiff,

-v-

ROGER BRAZIL, Esquire and
DOUGLAS D. RANDALL, Esquire

Defendants.

═══════════════════════════════

**DECISION and ORDER**
07-CV-6342L(Fe)

## INTRODUCTION

Plaintiff, Robert J. A. Kunz, an inmate of the Collins Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1), requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2), and requested appointment of counsel (Docket No. 3).  Plaintiff claims that the defendants, Roger Brazil and Douglas D. Randall, his criminal defense attorney and the prosecuting attorney respectively, violated his rights when they failed to ensure that an heirloom firearm was returned to his family after determining that it had no evidentiary value in his criminal case.  For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, his request for appointment of counsel is denied and the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*.  Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to

conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because he fails to state a claim upon which relief may be granted. Because the action will not go forward, plaintiff's request for appointment of counsel is denied.

Plaintiff's allegations do not state a cause of action under 42 U.S.C. § 1983 because they do not indicate that either defendant acted under color of law to deprive him of a Constitutional right. Nor does the Court discern any other federal claim that could be considered in federal court. A U.S. district court is a court of limited jurisdiction, "empowered to act only within the bounds of Article III of the United States Constitution and statutes enacted by Congress stemming therefrom." *W.G. v. Senatore*, 18 F.3d 60, 64 (2d Cir. 1994) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 173-80, 2 L. Ed. 60 (1803)). It is well-settled that § 1983 does not create a federal right or benefit; it simply provides

2

a mechanism for enforcing a right or benefit established elsewhere. *See Oklahoma City v. Tuttle,* 471 U.S. 808, 816, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985). *Morris-Hayes v. Board of Educ. of Chester Union Free School Dist.*, 423 F.3d 153, 159 (2d Cir. 2005). Plaintiff's allegations make clear that the police were given permission to search the house after his arrest and that the firearm was seized pursuant to that search.   There is, therefore, no Fourth Amendment claim stated.   It is also clear that his attorney, the prosecutor and the judge agreed that there was no evidentiary value to the firearm and it would be returned.   Plaintiff's allegations, at best, indicate that no one has taken responsibility for the return of the items.   Although it is possible that plaintiff may have a state law claim, or could resolve the matter through informal or administrative means, this is not a matter that raises a federal question.   Plaintiff's action is dismissed.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee.   Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.   Plaintiff's request for appointment of counsel is denied.   Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.   *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.   *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L.

Ed. 2d 21 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that plaintiff's request for appointment of counsel is denied; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated:      August 13, 2007
            Buffalo, New York

                                        WILLIAM M. SKRETNY
                                      United States District Judge